UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

ROBERT MORALES,

                      PLAINTIFF,        **AMENDED COMPLAINT**

      -AGAINST-                            **ECF CASE**

NEW YORK CITY, DETECTIVE ALBERTO PIZARRO,      **12-CV-6337**
DETECTIVE CARLOS MARCHENA, DETECTIVE
ANTHONY DISIMONE, POLICE OFFICER HENRY
ADAMES and UNDERCOVER OFFICER JOHN DOE,
individually, and in their capacity as members of the New
York City Police Department,

                      DEFENDANTS.

------------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

1. This is a civil action in which plaintiff, Mr. Robert Morales ("Mr. Morales"), seeks relief for the violation of his rights secured by 42 USC 1983, the Fourth and Fourteenth Amendments to the United States Constitution.

2. The claims arise from an incident on or about July 2, 2011, in which officers of the New York City Police Department ("NYPD") acting under color of state law, intentionally and willfully subjected Mr. Morales to false arrest, excessive force and malicious prosecution.

3. Plaintiff seeks monetary damages (special, compensatory and punitive) against defendants and an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

**JURISDICTION**

4. This action is brought pursuant to 28 USC 1331, 42 USC 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

5. Venue is laid within the United States District Court for the Southern District of New York in that the events giving rise to the claim occurred within the boundaries of the Southern District of New York.

**PARTIES**

6. Plaintiff, Mr. Morales, is a citizen of the United States and all times here relevant resided at 1018 East 163rd Street, Apartment 5L, Bronx, NY 10459.

7. New York City is a municipal corporation organized under the laws of the State of New York.

8. Detective Alberto Pizarro ("Detective Pizarro"), Detective Carlos Marchena ("Detective Marchena"), Detective Anthony Disimone ("Detective Disimone"), Police Officer Henry Adames ("PO Adames") and Undercover Officer John Doe, Shield C0071 ("UO John Doe"), at all times here relevant were members of the NYPD, and are sued in their individual and professional capacities.

9. At all times mentioned, defendants were acting under color of state law, under color of the statues, ordinances, regulations, policies, and customs and usages of the City of New York.

**FACTUAL ALLEGATIONS**

10. Mr. Morales is a 22-year old African American male.

11. On or about June 28, 2011, Mr. Morales' sister, Aisha, was murdered outside of the apartment block where the Morales family live at 1018 East 163rd Street in the Bronx.

12. On or about July 2, 2012, Mr. Morales answered a telephone call on Aisha's cell phone.

13. The caller identified himself as "Mo" and asked to meet Aisha.

14. Mr. Morales agreed to meet the caller in the hope of obtaining information that might help the investigation into Aisha's murder.

15. Mr. Morales was unaware that the caller was in fact UO John Doe.

16. At approximately 11.30 am, Mr. Morales went to the front of his apartment building to meet UO John Doe.

17. UO John Doe approached Mr. Morales and asked to buy dope.

18. Mr. Morales said to UO John Doe, "who told you my sister sold dope? I'm going to remember you. Don't come around here again."

19. UO John Doe responded by pulling out a wire and calling in backup.

20. Detective Pizarro, Detective Marchena and Detective Disimone joined UO John Doe at the scene.

21. Detective Pizarro, Detective Marchena, Detective Disimone and UO John Doe proceeded to attack Mr. Morales.

22. Detective Pizarro, Detective Marchena, Detective Disimone and UO John Doe tackled Mr. Morales to the floor and, while he was on the floor, they kicked him and beat him with their batons.

23. A number of uniformed police officers arrived on the scene, including PO Adames.

24. The uniformed police officers, including PO Adames, actually attempted to pull Detective Pizarro, Detective Marchena, Detective Disimone and UO John Doe away

from Mr. Morales, such was the ferocity with which Detective Pizarro, Detective Marchena, Detective Disimone and UO John Doe were beating Mr. Morales.

25. When the uniformed officers, including PO Adames, realized that the other men were also police officers, they proceeded to beat Mr. Morales as well.

26. Eventually Detective Pizarro, Detective Marchena, Detective Disimone, UO John Doe and PO Adames topped beating Mr. Morales.

27. As a result of the beating, Mr. Morales suffered contusions and severe bruising to his head, face, arms, legs, thighs, as well as suffering from double vision and redness in his right eye.

28. Mr. Morales was handcuffed and taken to the 41st Precinct.

29. On or about July 3, 2011, Mr. Morales was arraigned on charges of Assault, Resisting Arrest and Harassment.

30. On or about June 26, 2012, all charges against Mr. Morales were dismissed.

31. As a result of the incident, Mr. Morales suffered humiliation, embarrassment, emotional distress, frustration, anxiety, loss of liberty, physical injuries and financial loss.

32. Mr. Morales continues to feel traumatized by the events of July 2, 2011, and is wary and fearful when he sees police officers. Mr. Morales takes efforts to avoid police officers when in public.

## FIRST CAUSE OF ACTION

(42 USC 1983 – False Arrest)

33. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

34. Defendants have deprived plaintiff of his civil, constitutional and statutory rights under color of law and are liable to plaintiff under 42 USC 1983.

35. Defendants have deprived plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that plaintiff was falsely arrested by defendants.

36. Defendants confined plaintiff.

37. Plaintiff was aware of, and did not consent to, his confinement.

38. The confinement was not privileged.

39. Plaintiff has been damaged a result of defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## SECOND CAUSE OF ACTION

(42 USC 1983 – Malicious Prosecution)

40. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

41. Defendants have deprived plaintiff of his civil, constitutional and statutory rights under color of law and are liable to plaintiff under 42 USC 1983.

42. Defendants have deprived plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that plaintiff was maliciously prosecuted by defendants.

43. The malicious prosecution was initiated by defendants without legal justification and without probable cause, in that defendants caused the commencement and continuation of criminal proceedings against plaintiff, the proceedings terminated in favor of plaintiff, and in that the action was commenced and continued intentionally and with malice and deliberate indifference to plaintiff's rights.

44. Plaintiff has been damaged a result of defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

### THIRD CAUSE OF ACTION

(42 USC 1983 – Excessive Force)

45. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

46. Defendants have deprived plaintiff of his civil, constitutional and statutory rights under color of law and are liable to plaintiff under 42 USC 1983.

47. Defendants have deprived plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that defendants used excessive and unreasonable force in effecting the arrest of plaintiff.

48. Plaintiff has been damaged as a result of defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## FOURTH CAUSE OF ACTION

(Failure to Intervene)

49. Plaintiffs repeat and reallege each of the preceding allegations of this Complaint as if fully set forth herein.

50. Defendant PO Adames arrested plaintiff without probable cause or legal justification.

51. Defendants Detective Pizarro, Detective Marchena, and Detective Disimone knew, or should have known, that PO Adames did not have probable cause or legal justification to arrest plaintiff.

52. Defendants Detective Pizarro, Detective Marchena, and Detective Disimone failed to intervene to prevent PO Adames from arresting plaintiff without probable cause or legal justification.

53. Defendants Detective Pizarro, Detective Marchena, and Detective Disimone had sufficient time to intercede and had the capability to prevent PO Adames from arresting plaintiff without probable cause or legal justification.

54. Plaintiff has been damaged a result of Defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this court.

## JURY DEMAND

55. Plaintiff demands a trial by jury.

WHEREFORE, plaintiff respectfully requests that the court enter a Judgment against defendants together with costs and disbursements as follows:

In favor of plaintiff in an amount to be determined by a jury, but at least equal or exceeding the jurisdictional limit of this Court for each of plaintiff's causes of action;

Awarding plaintiff punitive damages in an amount to be determined by a jury;

Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action;

And such other and further relief as the Court deems just and proper.

Dated:   New York, New York
         February 14, 2013

By:      /s/
Duncan Peterson (DP 7367)

PetersonDelleCave LLP
Attorney for Plaintiff
233 Broadway, Suite 1800
New York, NY 10279
(212) 240-9075